UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LOUISIANA WHOLESALE DRUG CO., INC., | Civil Action No. 07-cv-7343 (HB) |
| Plaintiff, | Hon. Harold Baer, U.S.D.J. |
| | ECF CASE |
| v. | |
| SANOFI-AVENTIS, SANOFI-AVENTIS U.S., LLC and AVENTIS PHARMACEUTICALS, INC., | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT SANOFI-AVENTIS' MOTION TO DISMISS FOR
INSUFFICIENCY OF SERVICE OF PROCESS**

Pursuant to Federal Rule of Civil Procedure 12(b)(5), defendant sanofi-aventis, specially appearing for the limited purpose of contesting service of process, and without waiving any defenses or objections available to it, hereby respectfully submits this memorandum of law, together with the Declaration of Sandi Stuckert, in support of its motion to dismiss the above-captioned complaint (the "Complaint") against it on the grounds of insufficiency of service of process.[1]

**PRELIMINARY STATEMENT**

Plaintiff Louisiana Wholesale Drug Co., Inc. ("Louisiana Wholesale") alleges that Defendants sanofi-aventis, sanofi-aventis U.S., LLC and Aventis Pharmaceuticals, Inc. (collectively, "Aventis") filed a "sham" citizen petition intended only to delay FDA approval of

---

[1] In the event that the Court denies the instant motion to dismiss, sanofi-aventis adopts and incorporates the Motion to Dismiss the Complaint for Failure to State a Claim filed by Defendants sanofi-aventis U.S., LLC and Aventis Pharmaceuticals Inc. on October 15, 2007.

generic leflunomide. (Compl. ¶ 7.) Louisiana Wholesale claims — without differentiating amongst them — that Defendants' alleged misconduct illegally extended Defendants' market exclusivity for Arava and unreasonably restrained generic competition for leflunomide. (*Id.* ¶¶ 9-10.) Louisiana Wholesale contends that it and other entities that purchased brand-name leflunomide directly from Aventis at any time from March 2005 to the date upon which the alleged anticompetitive effects of Aventis' conduct ceased paid supra-competitive prices for the drug, (*id.* ¶ 16), and are entitled to treble damages for the difference between a pre-generic and post-generic price for leflunomide. (*Id.* ¶ 18.)

Sanofi-aventis, one of the Defendants in this action, is a French corporation with its offices located in Paris, France. (*Id.* ¶ 14.) Although the Complaint specifically identifies the Paris address of sanofi-aventis, Louisiana Wholesale attempted to serve sanofi-aventis by simply delivering copies of the summons and complaint — addressed to all Defendants — to Ms. Sandi Stuckert, an employee of sanofi-aventis U.S., LLC. ("s-a U.S.") who works in the New Jersey offices of s-a U.S. (*See* Stuckert Decl. ¶¶ 4-5.) Sanofi-aventis has never authorized Ms. Stuckert to accept service of process on behalf of sanofi-aventis. (*Id.* ¶ 6.) Sanofi-aventis has not received any service of process in France or otherwise in accordance with the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents ("Hague Convention").

Accordingly, this Court lacks jurisdiction over sanofi-aventis because it has not been properly served. Louisiana Wholesale's attempted service on sanofi-aventis fails to comport with the requirements of Fed. R. Civ. P. 4 governing service upon a non-resident foreign corporation. Because sanofi-aventis has never been made a party to this action, the claims against it should be dismissed.

2

**ARGUMENT**

Courts may not assert personal jurisdiction over a party that has not been properly served. Where service is contested as invalid, the plaintiff has the burden of proving that service of process was properly performed. *See Turick v. Yamaha Motor Corp., USA*, 121 F.R.D. 32, 33 (S.D.N.Y. 1988); *see also Color Sys., Inc. v. Meteor Photo Reprographic Sys., Inc.*, No. Civ. A. 86-2516, 1987 WL 11085, at * 3 (D.D.C. May 8, 1987) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

Federal Rule of Civil Procedure 4 provides that service upon a non-resident foreign corporation may be effected "in a judicial district of the United States . . . by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process . . . ," Fed. R. Civ. P. 4(h)(1), or "in a place not within any judicial district of the United States" pursuant to "any internationally agreed means reasonably calculated to give notice, such as those means authorized by the Hague Convention." Fed. R. Civ. P. 4(f)(1), 4(h)(2).

Louisiana Wholesale's attempt to serve sanofi-aventis — which consists solely of delivering a copy of the summons and complaint to an employee of s-a U.S. in New Jersey — does not satisfy the requirements of Rule 4. First, sanofi-aventis has never authorized Ms. Stuckert to accept or receive service of process on its behalf. (Stuckert Decl. ¶ 6.) Second, Louisiana Wholesale has failed to comply with the Hague Convention. As noted above, sanofi-aventis is a French corporation with its headquarters in Paris, France. (*See* Compl. ¶ 14.) France is a signatory to the Hague Convention. *See Krepps v. Reiner*, 414 F. Supp. 2d 403, 411

(S.D.N.Y. 2006); *see generally* U.S. Dep't of State, *Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters*, http://travel.state.gov/law/info/judicial/judicial_686.html (last visited Oct. 19, 2007). Therefore, Rules 4(f) and 4(h)(2) of the Federal Rules of Civil Procedure require Louisiana Wholesale to serve sanofi-aventis in compliance with the Convention's service rules. *See Ferrostaal, Inc. v. Haci Hassan Yardim*, No. 03 CV 4886, 2006 WL 2819585, at *2 (S.D.N.Y. Sept. 29, 2006) (noting that "[s]ervice pursuant to the Hague Convention is mandatory when serving a foreign defendant in a signatory country," and holding that service of process was insufficient where plaintiff failed to serve defendants in accordance with the Hague Convention) (citing *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 699 (1988)); *see also Marcantonio v. Primorsk Shipping Corp.*, 206 F. Supp. 2d 54, 57 (D. Mass. 2002) (Rule 4(f) requires the use of the Hague Convention when Convention is in effect).

Instead, Louisiana Wholesale has delivered the summons and complaint to an employee of sanofi-aventis' U.S. subsidiary, failing the most basic requirements of the Hague Convention. *See, e.g.*, *Krepps*, 414 F. Supp. 2d at 411 (dismissing for insufficient service of process where plaintiff failed to show that purported service on French company satisfied requirements of Hague Convention). Because Louisiana Wholesale has failed to serve sanofi-aventis, a foreign defendant, with the summons and Complaint in a manner consistent with the Federal Rules of Civil Procedure, sanofi-aventis has never been made a party to this action and the claims against it should be dismissed.

## CONCLUSION

For the foregoing reasons, sanofi-aventis respectfully requests that the Complaint be dismissed for insufficiency of service of process pursuant to Federal Rule of Civil Procedure 12(b)(5).

Dated:  October 19, 2007

                                               Respectfully submitted,

                                               ___/s/ Christopher R. Farrell___
                                               John M. Majoras
                                               Julia E. McEvoy (admitted *pro hac vice*)
                                               Michael S. Fried
                                               Christopher R. Farrell (admitted *pro hac vice*)
                                               Jones Day
                                               51 Louisiana Avenue, NW
                                               Washington, DC  20001
                                               Tel.: 202-879-3939
                                               Fax: 202-626-1700

                                             *Counsel for* SANOFI-AVENTIS

## CERTIFICATE OF SERVICE

I, Christopher R. Farrell, certify that the foregoing Memorandum of Law in Support of Defendant sanofi-aventis' Motion to Dismiss the Complaint for Insufficiency of Service of Process was served on October 19, 2007, on the counsel listed below in the manner(s) indicated below:

| | |
|---|---|
| Bruce E. Gerstein<br>Barry S. Taus<br>Anne K. Forneker<br>GARWIN GERSTEIN & FISHER LLP<br>1501 Broadway, Suite 1416<br>New York, NY 10036<br><br>*Via ECF Filing and Federal Express* | Adam Moskowitz<br>Tucker Ronzetti<br>KOZYAK TROPIN & THROCKMORTON<br>2525 Ponce De Leon Blvd, 9th Floor<br>Miami, FL 33134<br><br>*Via Federal Express* |
| John Gregory Odom<br>Stuart E. Des Roches<br>ODOM & DES ROCHES, LLP<br>Suite 2020, Poydras Center<br>650 Poydras Street<br>New Orleans, LA 70130<br><br>*Via Federal Express* | Linda Nussbaum<br>KAPLIN FOX & KILSHEIMER, LLP<br>850 Third Avenue, 14th Floor<br>New York, NY 10022<br><br>*Via ECF Filing* |
| David P. Smith<br>W. Ross Foote<br>PERCY, SMITH & FOOTE LLP<br>720 Murray Street<br>P.O. Box 1632<br>Alexandria, LA 71309<br><br>*Via Federal Express* | Brent Barriere<br>Susie Morgan<br>PHELPS DUNBAR<br>Canal Place, Suite 2000<br>365 Canal Street<br>New Orleans, LA 70130<br><br>*Via Federal Express* |
| Daniel Berger<br>David F. Sorensen<br>Eric L. Cramer<br>BERGER & MONTAGUE, P.C.<br>1622 Locust Street<br>Philadelphia, PA 19103<br><br>*Via ECF Filing* | |

  /s/ Christopher R. Farrell     
Christopher R. Farrell