DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/5/07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HEALTH INSURANCE PLAN OF NEW YORK, on behalf of itself and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> AVENTIS PHARMACEUTICALS, INC. <br><br> Defendant. | Civil Action No. 07-cv-6785 (HB) |
| LOUISIANA WHOLESALE DRUG CO., INC., on behalf of itself and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> SANOFI-AVENTIS, SANOFI-AVENTIS U.S. LLC, and AVENTIS PHARMACEUTICALS, INC., <br><br> Defendants. | Civil Action No. 07-cv-7343 (HB) |

### STIPULATED PROTECTIVE ORDER

The parties, through their respective counsel, agree that the terms and conditions of this Stipulated Protective Order shall govern the production and handling of documents, answers to interrogatories, responses to requests for admissions, depositions, pleadings, exhibits and other information exchanged by the parties in the above captioned actions (the "Action") or by third parties in response to discovery requests in this Action.

1

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. This Order shall be applicable to and govern all depositions, documents, answers to interrogatories, responses to requests for admissions and all other discovery taken pursuant to the Federal Rules of Civil Procedure and other information which the Producing Party designates "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" furnished, directly or indirectly, by or on behalf of any party to this Action or by third parties in response to discovery requests in this Action.

2. A Producing Party may designate documents or other information as "CONFIDENTIAL" if the Producing Party has a good faith belief that the documents or information constitute a trade secret or other confidential information within the meaning of Rule 26(c)(7) of the Federal Rules of Civil Procedure. A Producing Party may designate documents or other materials as "HIGHLY CONFIDENTIAL" where the documents or other material would merit CONFIDENTIAL treatment as defined in this paragraph and further constitute particularly sensitive information proprietary to the Producing Party.

3. CONFIDENTIAL and HIGHLY CONFIDENTIAL material of the Producing Party shall be used by the receiving party in this Action solely for the purpose of conducting the litigation and not for any other purpose whatsoever.

4. Information designed as "CONFIDENTIAL" may be disclosed by the receiving party only to the following persons:

    a. The CEO, CFO and in-house counsel (and the necessary staff of in-house counsel) of a party,

    b. outside counsel representing a named party in the Action, including all

2

paralegal assistants, stenographic and clerical employees working under the supervision of such counsel, as well as court reporters, interpreters, translators, copy services and database/coding services retained by counsel;

      c.    any expert, as well as all assistants, stenographic, and clerical employees working under the supervision of such expert who (i) is retained by any attorney described in paragraph 4(b) to assist in the Action, and (ii) is not a current employee of a party or subsidiary or affiliate of a party;

      d.    (i) a person who prepared, received, reviewed, or otherwise had been provided access to the CONFIDENTIAL material prior to its production in the Action; (ii) a current employee of the Producing Party, or in the case where such a Producing Party is a defendant, a current employee of any defendant; or (iii) witnesses as to whom the examining counsel has a good faith belief that said witnesses have relevant information regarding the CONFIDENTIAL material that was not obtained in violation of this Protective Order, provided that such witness has complied with the procedures specified in paragraph 6; and

      e.    the Court. Submission of CONFIDENTIAL or HIGHLY CONFIDENTIAL information to the Court shall be made under seal if permission to do so is granted by the Court pursuant to paragraph 12 of this Order.

    5.    Information designated as HIGHLY CONFIDENTIAL may be disclosed by the receiving party only to the following persons:

      a.    the General Counsel of a named party in the Action or one (1) other in-house counsel with responsibility for the Action, to be subsequently identified, who does not have responsibility for transactional matters or for competitive decision-making with regard to

intellectual property, provided, however, that such disclosure takes place with outside counsel, either in person or by telephone. If the disclosure takes place in person, then that General Counsel may not retain copies or other records of such HIGHLY CONFIDENTIAL material. Alternatively, outside counsel may transmit HIGHLY CONFIDENTIAL material to that General Counsel and discuss such material by telephone, provided the General Counsel destroys such material upon completion of the telephone discussion. In no event may the General Counsel retain copies of other records of such HIGHLY CONFIDENTIAL material, regardless of whether disclosure is in person or by telephone.

      b.    outside counsel representing a named party in the Action, including all paralegal assistants, stenographic and clerical employees working under the supervision of such counsel, as well as court reporters, interpreters, translators, copy services and database/coding services retained by counsel;

      c.    any expert as well as all assistants, stenographic and clerical employees working under the supervision of such expert who (i) is retained by any attorney described in paragraph 5(b) to assist in the Action, and (ii) is not a current employee of a party or a subsidiary or affiliate of a party;

      d.    (i) a person who prepared, received, reviewed, or otherwise had been provided access to the HIGHLY CONFIDENTIAL material prior to its production in the Action; (ii) a current employee of the Producing Party, or in the case where such a Producing Party is a defendant, a current employee of any defendant; or (iii) witnesses as to whom the examining counsel has a good faith belief that said witnesses have relevant information regarding the HIGHLY CONFIDENTIAL material that was not obtained in violation of this Protective Order,

4

provided that such witness has complied with the procedures specified in paragraph 6; and

      e.      the Court. Submission of CONFIDENTIAL or HIGHLY CONFIDENTIAL information to the Court shall be made under seal if permission to do so is granted by the Court pursuant to paragraph 12 of this Order.

      f.      The failure of a party to name a General Counsel or in-house counsel eligible to review Highly Confidential Material as provided for in paragraph 5(a) will not bar the production and disclosure of such HIGHLY CONFIDENTIAL material as otherwise provided for in this Protective Order. It is further provided that (a) a prospective class representative's inability to see or know of HIGHLY CONFIDENTIAL information will not be used as the basis for any class certification argument or challenge; and (b) the foregoing shall not limit Plaintiffs' Counsel's ability to discuss damages information or calculations with such class representatives so long as Counsel do not reveal or disclose any HIGHLY CONFIDENTIAL information which was a basis or factor underlying such damages information or calculations.

      6.      Each CEO, CFO, in-house counsel (or necessary staff of such counsel) or General Counsel to whom disclosure is made pursuant to paragraph 4(a) or 5(a), each expert or consultant to whom disclosure is made pursuant to paragraph 4(c) or 5(c) and each witness to whom disclosure is made pursuant to paragraph 4(d)(iii) and 5(d)(iii) shall be given a copy of this Protective Order and shall sign a declaration, a copy of which is attached hereto as Exhibit A, agreeing that he or she is bound by the jurisdiction of this Court and the terms of this Protective Order; provided, however, that in the case of a witness under paragraph 4(d)(iii) or 5(d)(iii) counsel for the examining party may disclose CONFIDENTIAL or HIGHLY CONFIDENTIAL information after making a reasonable effort to obtain the witness's signature on such a

declaration.

7.  The recipient of any CONFIDENTIAL or HIGHLY CONFIDENTIAL material hereby agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Protective Order.

8.  Persons receiving CONFIDENTIAL or HIGHLY CONFIDENTIAL material are prohibited from disclosing it to any person except in conformance with this Order. The recipient of any CONFIDENTIAL or HIGHLY CONFIDENTIAL material that is provided under this Order shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary information.

9.  Producing Parties shall designate CONFIDENTIAL or HIGHLY CONFIDENTIAL material as follows:

   a.  In the case of documents, interrogatory answers, responses to requests to admit, and the information contained therein, designation shall be made at the time of production and by placing the following legend on any such documents copied or to be copied prior to production: CONFIDENTIAL or HIGHLY CONFIDENTIAL.

   b.  In the case of depositions, designation of the portion of the transcript (including exhibits) which contains CONFIDENTIAL or HIGHLY CONFIDENTIAL material shall be made by a statement to such effect on the record in the course of the deposition or upon review of such transcript by counsel for the party to whose CONFIDENTIAL or HIGHLY CONFIDENTIAL material the deponent has had access. Subject to paragraph 9(c), such review

by counsel shall occur within thirty (30) days after counsel's receipt of the transcript.

   c. A party may reasonably request a shortening of the time period within which a confidentiality designation for a deposition transcript must be made for the purpose of conducting effective discovery, and consent to such a request shall not be unreasonably withheld. In the event of a dispute as to a request for a shortened time period ,the parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved within two (2) business days, the party requesting the shortened time period may request appropriate relief from the Court. The parties agree, subject to Court approval, that such relief sought can be in the form of a telephone conference to be scheduled at the Court's earliest convenience, with the objective of obtaining an immediate resolution of the dispute.

   d. Counsel wishing to designate deposition testimony as confidential shall list on a separate piece of paper the page and line numbers of the transcript containing CONFIDENTIAL or HIGHLY CONFIDENTIAL material and serve the same on opposing counsel. Pending such designation by counsel, the entire deposition transcript, including exhibits shall be deemed HIGHLY CONFIDENTIAL; if no specific designations are made within thirty (30) days after receipt of the transcript, or such other period if the time to designate is shortened either by agreement or the parties or by Court order, the transcript shall be considered not to contain any CONFIDENTIAL or HIGHLY CONFIDENTIAL material.

   e. If leave of the Court has been granted to file documents containing CONFIDENTIAL or HIGHLY CONFIDENTIAL material under seal, such documents shall bear the following legend, and shall be filed under seal in an envelope also bearing the following legend:

"THIS DOCUMENT CONTAINS CONFIDENTIAL INFORMATION WHICH IS SUBJECT TO THE COURT'S PROTECTIVE ORDER IN THIS ACTION AND IS HEREBY FILED UNDER SEAL. THE CONTENTS OF THIS ENVELOPE SHALL NOT BE OPENED EXCEPT BY THE COURT AND ITS CLERKS IN THIS ACTION."

f. A party shall not be obligated to challenge the propriety of any CONFIDENTIAL or HIGHLY CONFIDENTIAL designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to the Action disagrees at any stage of these proceedings with such designation, such party shall provide to the Producing Party five (5) days prior written notice of its disagreement with the designation. The parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the Court following the specified five (5) day period. The parties agree, subject to Court approval, that such relief sought can be in the form of a telephone conference to be scheduled at the Court's earliest convenience with the objective of obtaining an immediate resolution of the dispute. The burden of proving that information has been properly designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL material is on the party making such designation.

10. The inadvertent or unintentional disclosure by the Producing Party of CONFIDENTIAL or HIGHLY CONFIDENTIAL material, regardless of whether the material was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating to the same or related subject matter; provided that the Producing Party

8

shall, within a reasonable time of discovery of the inadvertent production of the material, notify the receiving party in writing that the information is CONFIDENTIAL or HIGHLY CONFIDENTIAL material and was inadvertently or unintentionally disclosed. Treatment of such materials as CONFIDENTIAL or HIGHLY CONFIDENTIAL shall be prospective from the time of such notice. Upon such notice, counsel for the parties shall cooperate to the extent practicable in restoring the confidentiality of the CONFIDENTIAL or HIGHLY CONFIDENTIAL material. Within a reasonable period of time, the Producing Party shall produce another copy of such material with the appropriate designation.

      11.     Inadvertent or unintentional production of documents subject to attorney/client privilege, work product immunity, or any other immunity from production shall not constitute a waiver of the respective privilege or immunity, provided that the Producing Party shall notify the receiving party of such inadvertent or unintentional production within a reasonable time of discovery of the inadvertent production of the material. Within forty-eight (48) hours of such notification, the receiving party shall respond or return all copies of such inadvertently or unintentionally produced documents to the Producing Party, provided that the Producing Party established the circumstances surrounding the document's inadvertent or unintentional production. Nothing herein shall prevent the receiving party from challenging the privileged status of any inadvertently or unintentionally produced documents, and the burden of proving the privileged status of any inadvertently or unintentionally produced documents remains on the Producing Party. If the receiving party successfully challenges the privileged status of the material and the Court determines that the material is not in fact privileged, the receiving party shall be given the opportunity to use the document for any purpose, and will be allowed to reopen

9

any deposition at which questioning regarding the disputed document was limited or precluded. The receiving party shall not argue waiver of the privilege or immunity based on the inadvertent or unintentional production.

12. Before filing a document containing CONFIDENTIAL or HIGHLY CONFIDENTIAL information with the Court, the filing party shall request that the Court permit the document to be filed under seal. If leave of the Court has been granted to file documents containing CONFIDENTIAL or HIGHLY CONFIDENTIAL material under seal, the Clerk of the Court shall maintain such material under seal. The person filing such material shall advise the Clerk that all or a designated portion thereof is subject to this Order and is to be kept under seal, except that upon the default of the filing party to so designate, any party may do so. In the event the Court denies a request for a document to be filed under seal, the filing party may request that the Court permit an appropriately-redacted public version of the document be filed, after a suitable grace period, if necessary, as well as a version to be maintained under seal.

13. In the event a non-Producing Party intends to introduce any CONFIDENTIAL or HIGHLY CONFIDENTIAL material in Court, such party shall so advise the Producing Party prior to introduction of such material and the Producing Party may request the courtroom be cleared of all persons not subject to the Protective Order.

14. The restrictions provided for herein shall not terminate upon the completion of all appeals (if any) from the final judgement(s) of the Purchaser Actions, but shall continue until further order of this Court; provided, however, that this Protective Order shall not be construed: (a) to prevent any party or its counsel from making use of information which was lawfully in its possession prior to the production of that information by the Producing Party; (b) to apply to

information that appears in issued patents or printed publications, is used in a court proceeding without being placed under seal in accordance with a Court order, or otherwise becomes publicly known; or (c) to apply to information that any party or its counsel has, since production by the Producing Party, lawfully obtained.

15. Nothing in this Order shall preclude any party to the lawsuit of their attorneys from disclosing or using, in any manner or for any purpose, any information or documents from the party's own files which the party itself has designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL material.

16. Within sixty (60) days of the completion of all appeals (if any) from the final judgment(s) in the Action and upon the written request of the Producing Party, all CONFIDENTIAL and HIGHLY CONFIDENTIAL material and all copies thereof shall be returned to the party which produced same or destroyed. If a party elects to destroy copies of CONFIDENTIAL or HIGHLY CONFIDENTIAL material, the party shall certify in writing that said documents have been destroyed within the sixty (60) day time period. Notwithstanding the forgoing, outside counsel may retain an archival copy of any pleading and/or attorney work product, court order, deposition, or hearing and trial transcript, including any exhibits, which contain CONFIDENTIAL or HIGHLY CONFIDENTIAL material. Such archival documents shall be retained and treated in accordance with the teams of this Protective Order.

17. This order is binding on the parties to the Action, including their respective parents, subsidiaries, affiliates, attorneys and agents.

18. In the event any person subject to the terms of the Protective Order is served with a subpoena or request for production of CONFIDENTIAL or HIGHLY CONFIDENTIAL

11

material, it will give sufficient notice to the Producing Party to allow the Producing Party a reasonable opportunity to intervene to oppose such production. In no event shall the person receiving the subpoena or other process produce CONFIDENTIAL or HIGHLY CONFIDENTIAL material of any such Producing Party in response to the subpoena or other process unless and until such person has: (i) received written authorization from counsel for the Producing Party to produce said CONFIDENTIAL or HIGHLY CONFIDENTIAL material or (ii) been ordered to do so by a court of competent jurisdiction. This provision shall not be construed to require such person to oppose any subpoena or request for production.

19. Any party who has designated a document or information as CONFIDENTIAL or HIGHLY CONFIDENTIAL material may remove such document or information from the scope of that protection by notifying all other counsel of its desire to do so.

20. In the event that a party seeks discovery from a non-party in this suit, the non-party may invoke the terms of this Order with respect to any CONFIDENTIAL or HIGHLY CONFIDENTIAL material provided to the parties by so advising all parties to this suit in writing, and by complying with the provisions of this Order.

21. This Order shall not prevent any party from applying to the court for relief therefrom, or from applying to the Court for an order modifying or amending the terms of this Order, or for further or additional protective orders, or from agreeing between themselves to modification of this Order, in writing, subject to approval of the Court.

SO ORDERED this 5 day of November, 2007

New York, New York Sealed documents may be unsealed, upon notice to
the parties, pursuant to further order of the Court. Honorable Harold Baer, Jr., U.S.D.J.

SO ORDERED:

Hon. Harold Baer, Jr., U.S.D.J.

Date: 11/5/07

12

**Exhibit A**

## STATEMENT AGREEING TO
## CONFIDENTIAL TREATMENT OF MATERIALS

I, _____, being duly sworn, state that:

(a) My present residential address is _____
_____.

(b) My present employer is _____
_____ and the address of my present employer is
_____.

(c) My present occupation or job description is _____
_____.

(d) I have received and carefully read the protective order dated _____, 2007 and understand its provisions. I understand that I must abide by all provisions of the Protective Order.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

_____

SUBSCRIBED AND SWORN before me
This _____ day of _____, _____.


_____
Notary Public

My Commission Expires _____

13