# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LOUISIANA WHOLESALE DRUG CO., INC., ) | Civil Action No. 07-cv-7343 (HB) |
| ) | |
| Plaintiff, ) | Hon. Harold Baer, U.S.D.J. |
| ) | ECF CASE |
| v. ) | |
| ) | |
| SANOFI-AVENTIS, SANOFI-AVENTIS ) | |
| U.S., LLC and AVENTIS ) | |
| PHARMACEUTICALS, INC., ) | |
| ) | |
| Defendants. ) | |

## REPLY BRIEF IN SUPPORT OF
## DEFENDANT SANOFI-AVENTIS' MOTION TO DISMISS FOR
## <u>INSUFFICIENCY OF SERVICE OF PROCESS</u>

There is no dispute that Louisiana Wholesale has known for months that sanofi-aventis is a corporation organized under the laws of and doing business in France. Despite the fact that its own complaint (the "Complaint") alleges as much, (Compl. ¶ 14), Louisiana Wholesale attempted to serve sanofi-aventis with the Complaint by delivering a copy of it to sanofi-aventis u.s. llc ("s-a U.S.") at its headquarters in New Jersey. Despite the fact that s-a U.S.'s counsel promptly notified Louisiana Wholesale's counsel that such service was improper and (to the extent plaintiff insisted on pursuing the action against sanofi-aventis after the parties' good faith meet and confer efforts) that sanofi-aventis would object to service by any means other than the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, 20 U.S.T. 361 (Nov. 15, 1965) (the "Hague Convention"), and that sanofi-aventis has now done so, Louisiana Wholesale still has taken no action to initiate service on sanofi-aventis pursuant to the Hague Convention and to advance the litigation with this simple

(yet critical) step. Instead, Louisiana Wholesale has asked for more time—not to initiate or complete service via the Hague Convention, but to conduct costly and unnecessary discovery to test sanofi-aventis' assertion that s-a U.S. is not an agent for service of process or otherwise. This wasteful request should not be indulged, and the complaint should be dismissed.[1]

## ARGUMENT

Louisiana Wholesale argues that it served an "agent" of sanofi-aventis in the United States when it delivered a copy of the summons and complaint to Ms. Sandi Stuckert at the New Jersey offices of s-a U.S. (Opp. at 2-3.) Federal Rule of Civil Procedure 4 identifies the agents upon whom service may be effectuated: "an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1). Louisiana Wholesale does not argue that Ms. Stuckert is an officer, managing or general agent, or an agent authorized by appointment to accept service on behalf of sanofi-aventis. Nor can it, as the Declaration of Ms. Stuckert makes clear. Nor does Louisiana Wholesale argue that it has ever attempted to serve sanofi-aventis via the Hague Convention, as it must when serving a foreign defendant abroad. *See, e.g.*, *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694 (1988). Accordingly, Louisiana Wholesale bases its entire argument on the only remaining option available under Rule 4—that Ms. Stuckert is an agent "authorized by law" who must involuntarily accept process on behalf of a foreign company for which she does not work. (*See* Opp. at 6.)

Louisiana Wholesale's contrary assertions aside, Ms. Stuckert is not an agent of sanofi-aventis—involuntary or otherwise—and the delivery of documents to her in New Jersey did not constitute service on sanofi-aventis in France. Louisiana Wholesale has failed to meet its burden

---

[1] In the alternative, Louisiana Wholesale should be instructed to use the same amount of time to complete service of process on sanofi-aventis under the Hague Convention.

of proving otherwise, *see, e.g.*, *Turick v. Yamaha Motor Corp., USA*, 121 F.R.D. 32, 33 (S.D.N.Y. 1988), and instead asks this Court to rely upon factual assertions that are wholly absent from the Complaint. (*See, e.g.*, Opp. at 3-4.) The purported "facts" it relies upon, which were obtained on the internet, merely establish the non-controversial propositions that s-a U.S. sells many pharmaceutical products in the United States, and that s-a U.S. is part of the sanofi-aventis corporate family. These after-the-fact allegations do not come close to establishing that Ms. Stuckert, an employee of s-a U.S., is authorized by law to accept process on behalf of sanofi-aventis in France.

Nor do the principal cases upon which Louisiana Wholesale relies. In *Sankaran v. Club Mediterranee, S.A.*, No. 97 Civ. 8318, 1998 U.S. Dist. Lexis 11750, at *9-18 (S.D.N.Y. July 29, 1998), for example, the complaint alleged facts substantiating an agency relationship, including direct and specific acts by the subsidiary on behalf of the parent, common ownership, and interlocking officers and employees. In *Top Form Mills, Inc. v. Sociedad Nationale Industria Applicazioni Viscosa*, 428 F. Supp. 1237, 1250-51 (S.D.N.Y. 1977), the court found an agency relationship where the recipient of service "did much, if not all, of the business activities done for" the foreign parent. Louisiana Wholesale has alleged *no* facts in its Complaint upon which to rest a similar conclusion.

Louisiana Wholesale could resolve this dispute very quickly, simply, and cost-effectively by serving sanofi-aventis via the Hague Convention. The United States adopted the Hague Convention to simplify and streamline service on a foreign defendant. *See, e.g.*, Hague Convention, 20 U.S.T. 361 (stating that the Convention is designed to provide an efficient and simple method in civil matters to serve documents abroad); *Mones v. Commercial Bank of Kuwait, S.A.K.*, 502 F. Supp. 2d 363, 368 (S.D.N.Y. 2007) ("The [Hague] Convention provides

simple and certain means by which to serve process on a foreign national.") (citing *Volkswagenwerk Aktiengesellschaft*, 486 U.S. at 706). Hague Service in countries like France is particularly straightforward, as the Second Circuit and Southern District of New York have recognized. *See, e.g.*, *Ackermann v. Levine*, 788 F.2d 830 (2d Cir. 1986); *Mones v. Commercial Bank of Kuwait, S.A.K.*, 502 F. Supp. 2d 363 (S.D.N.Y. 2007).

Instead, Louisiana Wholesale has asked the Court to permit it a month to conduct expensive and unnecessary discovery, and asserts that service via the Hague Convention "would only delay the progress of this action." (Opp. at 7.) Louisiana Wholesale is effectively—and nonsensically—suggesting that the parties chop down the forest to fell one tree. Hague Service could take less than 30 days, at a fraction of the cost of discovery, and would be far more efficient and straightforward than discovery about the relationship of sanofi-aventis and its United States subsidiaries. In *University of Pittsburgh v. Hedrick*, No. 06-MC-176, 2006 WL 3370365, at *2 (E.D.N.Y. Nov. 20, 2006), for example, the court recognized that "service through the Hague Convention is more efficient and economical than conducting extensive jurisdictional discovery and motion practice."

Louisiana Wholesale's request for a month of discovery can only be construed as a means to harass sanofi-aventis, not to advance the litigation. Louisiana Wholesale's unjustified request for discovery is highly improper and should be denied. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 353 n.17 (1978) ("[D]iscovery should be denied when a party's aim is to delay bringing a case to trial, or embarrass or harass the person from whom he seeks discovery."); *Deer Park Spring Water, Inc. v. Appalachian Mountain Spring Water Co.*, No. 89 Civ. 4029, 1991 WL 73840, at *2 (S.D.N.Y. Apr. 29, 1991) ("[A] party's conduct of discovery is always subject to the requirement, *inter alia,* that requests 'not [be] interposed for any improper purpose,

such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.'") (quoting Fed. R. Civ. P. 26(g)).

## CONCLUSION

For the foregoing reasons, sanofi-aventis respectfully requests that the Complaint be dismissed for insufficiency of service of process pursuant to Federal Rule of Civil Procedure 12(b)(5).

Dated:  November 15, 2007

> Respectfully submitted,
>
> /s/ Christopher R. Farrell
> John M. Majoras
> Julia E. McEvoy (admitted *pro hac vice*)
> Christopher R. Farrell (admitted *pro hac vice*)
> Jones Day
> 51 Louisiana Avenue, NW
> Washington, DC  20001
> Tel.:  202-879-3939
> Fax:  202-626-1700
>
> *Counsel for* SANOFI-AVENTIS

## CERTIFICATE OF SERVICE

I, Christopher R. Farrell, certify that the foregoing Reply Brief in Support of sanofi-aventis' Motion to Dismiss the Complaint for Insufficiency of Service of Process was served on November 15, 2007, on the counsel listed below via the Court's ECF procedures (where applicable), and in the manner(s) indicated below:

*Via ECF:*

Bruce E. Gerstein
Barry S. Taus
Anne K. Fornecker
GARWIN GERSTEIN & FISHER LLP
1501 Broadway, Suite 1416
New York, NY 10036
Tel.:   212-398-0055
Fax:   212-764-6620
bgerstein@garwingerstein.com
btaus@garwingerstein.com
afornecker@garwingerstein.com

Eric L. Cramer
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Tel.: 1-800-424-6690
Fax: 215-875-4604
ecramer@bm.net

Richard Jo Kilsheimer
Linda Nussbaum
KAPLAN FOX & KILSHEIMER, LLP
850 Third Avenue, 14th Floor
New York, NY 10022
Tel.: 212-687-1980
Fax: 212-687-7714
lnussbaum@kaplanfox.com
rkilsheimer@kaplanfox.com

Adam Moskowitz
Thomas A. Tucker Ronzetti
KOZYAK TROPIN & THROCKMORTON
2525 Ponce De Leon Blvd, 9th Floor
Miami, FL 33134
Tel.:   305-372-1800
Fax:   305-372-3508
amm@kttlaw.com
tr@kttlaw.com

Stuart E. Des Roches
Charles Ferrier Zimmer, II
ODOM & DES ROCHES, LLP
Suite 2020, Poydras Center
650 Poydras Street
New Orleans, LA 70130
Tel.:   504-522-0077
Fax:   504-522-0078
stuart@odrlaw.com
czimmer@odrlaw.com

*Via Federal Express:*

| | |
|---|---|
| David P. Smith | Brent Barriere |
| W. Ross Foote | Susie Morgan |
| PERCY, SMITH & FOOTE LLP | PHELPS DUNBAR |
| 720 Murray Street | Canal Place, Suite 2000 |
| P.O. Box 1632 | 365 Canal Street |
| Alexandria, LA 71309 | New Orleans, LA 70130 |
| Tel: 318-445-4480 | Tel:  504-568-1311 |
| Fax:  318-487-1741 | Fax:  504-568-9130 |

| | |
|---|---|
| John Gregory Odom | Daniel Berger |
| ODOM & DES ROCHES, LLP | David F. Sorensen |
| Suite 2020, Poydras Center | Peter Russell Kohn |
| 650 Poydras Street | BERGER & MONTAGUE, P.C. |
| New Orleans, LA 70130 | 1622 Locust Street |
| Tel.:    504-522-0077 | Philadelphia, PA 19103 |
| Fax:    504-522-0078 | Tel.: 1-800-424-6690 |
| | Fax: 215-875-4604 |

 /s/ Christopher R. Farrell
Christopher R. Farrell (admitted *pro hac vice*)
Jones Day
51 Louisiana Ave., N.W.
Washington, D.C. 20001-2113
Tel.:  202-879-3939
Fax:  202-626-1700
crfarrell@jonesday.com

*Counsel for* SANOFI AVENTIS