# GARWIN GERSTEIN & FISHER LLP
## Counselors at Law
1501 Broadway, Suite 1416
New York, NY 10036
(212) 398-0055
Telecopier No. (212) 764-6620
E-Mail: lawoffices@garwingerstein.com

Bruce E. Gerstein
Scott W. Fisher
Barry S. Taus
Noah H. Silverman
Brett H Cebulash
Joseph Opper
Kevin S. Landau
Adam M. Steinfeld

Sidney L. Garwin (1908-1980)

Jan Bartelli
Archana Tamoshunas
Anne K. Fornecker
Kimberly M. Hennings
Elena K. Chan
Anna L. Tydniouk

January 30, 2008

**BY FACSIMILE**

Honorable Andrew J. Peck
United States Magistrate Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 1370
New York, New York 10007-1312
Fax: (212) 805-7933

**MEMO ENDORSED** 1/31/08

*[handwritten endorsement]*

SO ORDERED:

Hon. Andrew J. Peck
United States Magistrate Judge

**BY FAX**

Re: *Louisiana Wholesale Drug Co., Inc. v. Sanofi-Aventis, et al.,*
S.D.N.Y., Case No. 07 CV 7343 (HB)

Dear Judge Peck:

I write on behalf of Direct Purchaser Plaintiff Louisiana Wholesale Drug Co., Inc. to inform the Court that, at the request of third parties Apotex, Inc. and Barr Laboratories, Inc., the parties in the above captioned action have agreed to amend the Stipulated Protective Order that was entered by Judge Harold Baer on November 5, 2007, as it relates to documents produced by Apotex and Barr. Therefore, the parties respectfully request that Your Honor enter the enclosed: 1) Amendment to the Stipulated Protective Order to Govern Documents Produced by Third Party Apotex, Inc.; and 2) Amendment to the Stipulated Protective Order to Govern Documents Produced by Third Party Barr Laboratories. The amendments are submitted on consent.

Respectfully,

Anne Fornecker

Enclosures

Hon. Andrew J. Peck
January 30, 2008
Page 2

cc (via electronic mail):
Julie McEvoy, Esq.
Geoff S. Irwin, Esq.
Rosanna K. McCalips, Esq.
Christopher Farrell, Esq.
JONES DAY
51 Louisiana Ave., N.W.
Washington D.C. 20001-2113
jmcevoy@jonesday.com
crfarrell@jonesday.com
rkmccalips@jonesday.com
gsirwin@jonesday.com

*Attorneys for Defendants sanofi-aventis,
sanofi-aventis u.s. llc, and
Aventis Pharmaceuticals, Inc.*

Karen N. Walker, Esq.
Eunnice H. Eun, Esq.
Kirkland & Ellis
655 Fifteenth Street, N.W.
Washington, D.C. 20005
kwalker@kirkland.com
eeun@kirland.com

*Attorneys for Barr Laboratories*

John J. Grogan, Esq.
Langer & Grogan, P.C.
The Bell Atlantic Tower
1717 Arch Street
Suite 4130
Philadelphia, PA 19103
jgrogan@langergrogan.com

*Attorney for Apotex, Inc.*

## GARWIN GERSTEIN & FISHER LLP

Bruce E. Gerstein
Scott W. Fisher
Barry S. Taus
Noah H. Silverman
Brett H Cebulash
Joseph Opper
Kevin S. Landau
Adam M. Steinfeld

Counselors at Law
1501 Broadway, Suite 1416
New York, NY 10036
(212) 398-0055
Telecopier No. (212) 764-6620
E-Mail: lawoffices@garwingerstein.com

Sidney L. Garwin (1908-1980)

Jan Bartelli
Archana Tamoshunas
Anne K. Fornecker
Kimberly M. Hennings
Elena K. Chan
Anna L. Tydniouk

January 16, 2008

**VIA ELECTRONIC MAIL**

John J. Grogan, Esq.
Langer & Grogan, P.C.
The Bell Atlantic Tower
1717 Arch Street
Suite 4130
Philadelphia, PA 19103
jgrogan@langergrogan.com

Julie E. McEvoy, Esq.
JONES DAY
51 Louisiana Ave., N.W.
Washington D.C. 20001-2113
jmcevoy@jonesday.com

Re:  *Louisiana Wholesale Drug Co., Inc. v. Sanofi-Aventis, et al.,*
S.D.N.Y., Case No. 07 CV 7343 (HB) - Amendment to Stipulated Protective Order to Govern Documents Produced by Third Party Apotex, Inc.

Dear Counsel:

The undersigned, counsel for Plaintiff Louisiana Wholesale Drug Co., Inc., Defendants sanofi-aventis, sanofi-aventis us llc, and Aventis Pharmaceuticals, Inc., and third party Apotex, Inc., hereby agree that Paragraph 5 of the Stipulated Protective Order entered by Judge Harold Baer, Jr. on November 5, 2007 is amended as follows.

Paragraph 5 of the Stipulated Protective Order is deleted and replaced with the following paragraph:

John J. Grogan, Esq.
Julie E. McEvoy, Esq.
January 16, 2008
Page 2

5. Information designated as HIGHLY CONFIDENTIAL may be disclosed by the receiving party only to the following persons:

a. outside counsel representing a named party in the Action, including all paralegal assistants, stenographic and clerical employees working under the supervision of such counsel, as well as court reporters, interpreters, translators, copy services and database/coding services retained by counsel;

b. any expert as well as all assistants, stenographic and clerical employees working under the supervision of such expert who (i) is retained by any attorney described in paragraph 5(a) to assist in the Action, and (ii) is not a current employee of a party or a subsidiary or affiliate of a party;

c. (i) a person who prepared, received, reviewed, or otherwise had been provided access to the HIGHLY CONFIDENTIAL material prior to its production in the Action; (ii) a current employee of the Producing Party; or (iii) witnesses as to whom the examining counsel has a good faith belief that said witnesses have relevant information regarding the HIGHLY CONFIDENTIAL material that was not obtained in violation of this Protective Order, provided that such witness is not a current employee of a party to this Action, or of any other competitor of third party Apotex, Inc., and such witness has complied with the procedures specified in paragraph 6; and

d. the Court. Submission of CONFIDENTIAL or HIGHLY CONFIDENTIAL information to the Court shall be made under seal if permission to do so is granted by the Court pursuant to paragraph 12 of this Order.

e. It is further provided that (i) a prospective class representative's inability to see or know of HIGHLY CONFIDENTIAL information will not be used as the basis for any class certification argument or challenge; (ii) the foregoing shall not limit Plaintiffs' Counsel's ability to discuss damages information or calculations with such class representatives so long as Counsel do not reveal or disclose any HIGHLY CONFIDENTIAL information which was a basis or factor underlying such damages information or calculations, so long as no non-aggregated information obtained from Apotex is disclosed; and (iii) the foregoing does not limit Defendants' Counsel's ability to discuss alleged damages information or calculations with Defendants' General Counsel or any in-house counsel, so long as Defendants' Counsel do not reveal or disclose any HIGHLY CONFIDENTIAL information which was a basis or factor underlying such alleged damages information or calculations, and so long as no non-aggregated information obtained from Apotex is disclosed.

John J. Grogan, Esq.
Julie E. McEvoy, Esq.
January 16, 2008
Page 3

    The undersigned further agree that documents produced by Apotex, Inc. will not be disclosed to any other party or third-party in this Action without their express acceptance of the changes to Paragraph 5 listed above.

*[signature]*  
Julie E. McEvoy  
Jones Day  
51 Louisiana Ave., N.W.  
Washington D.C. 20001-2113  

*Counsel for Defendants Sanofi-Aventis, Sanofi-Aventis U.S., LLC and Aventis Pharmaceuticals, Inc.*

*[signature]*  
Anne Fornecker  
Garwin Gerstein & Fisher LLP  
1501 Broadway, Suite 1416  
New York, New York 10036  

*Counsel for Plaintiff Louisiana Wholesale Drug Co., Inc.*

John J. Grogan, Esq.
Langer & Grogan, P.C.
The Bell Atlantic Tower
1717 Arch Street
Suite 4130
Philadelphia, PA 19103

*Counsel for Apotex, Inc.*

John J. Grogan, Esq.
Julie E. McEvoy, Esq.
January 16, 2008
Page 3

      The undersigned further agree that documents produced by Apotex, Inc. will not be disclosed to any other party or third-party in this Action without their express acceptance of the changes to Paragraph 5 listed above.

_____
Julie E. McEvoy
Jones Day
51 Louisiana Ave., N.W.
Washington D.C. 20001-2113

*Counsel for Defendants Sanofi-Aventis, Sanofi-Aventis U.S., LLC and Aventis Pharmaceuticals, Inc.*

_____
Anne Fornecker
Garwin Gerstein & Fisher LLP
1501 Broadway, Suite 1416
New York, New York 10036

*Counsel for Plaintiff Louisiana Wholesale Drug Co., Inc.*

_____
John J. Grogan, Esq.
Langer & Grogan, P.C.
The Bell Atlantic Tower
1717 Arch Street
Suite 4130
Philadelphia, PA 19103

*Counsel for Apotex, Inc.*

**GARWIN GERSTEIN & FISHER LLP**
Counselors at Law
1501 Broadway, Suite 1416
New York, NY 10036
(212) 398-0055
Telecopier No. (212) 764-6620
E-Mail: lawoffices@garwingerstein.com

Bruce E. Gerstein
Scott W. Fisher
Barry S. Taus
Noah H. Silverman
Brett H Cebulash
Joseph Opper
Kevin S. Landau
Adam M. Steinfeld

Sidney L. Garwin (1908-1980)

Jon Bartelli
Archana Tamoshunas
Anne K. Fornecker
Kimberly M. Hennings
Elena K. Chan
Anna L. Tydniouk

January 28, 2008

<u>VIA ELECTRONIC MAIL</u>

Karen Walker, Esq.
Eunnice Eun, Esq.
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005-5793
kwalker@kirkland.com
eeun@kirkland.com

Julie E. McEvoy, Esq.
JONES DAY
51 Louisiana Ave., N.W.
Washington D.C. 20001-2113
jmcevoy@jonesday.com

Re:  *Louisiana Wholesale Drug Co., Inc. v. Sanofi-Aventis, et al.*,
S.D.N.Y., Case No. 07 CV 7343 (HB) - Amendment to Stipulated Protective
Order to Govern Documents Produced by Third Party Barr Laboratories

Dear Counsel:

The undersigned, counsel for Plaintiff Louisiana Wholesale Drug Co., Inc., Defendants sanofi-aventis, sanofi-aventis us llc, and Aventis Pharmaceuticals, Inc., and third party Barr Laboratories, Inc. hereby agree that Paragraph 5 of the Stipulated Protective Order entered by Judge Harold Baer, Jr. on November 5, 2007 is amended as follows.

With respect to documents produced in this action by Barr Laboratories, Inc. or its affiliates, Paragraph 5 of the Stipulated Protective Order is deleted and replaced with the

Karen Walker, Esq.
Julie E. McEvoy, Esq.
January 28, 2008
Page 2

following paragraph:

    5.    Information designated as HIGHLY CONFIDENTIAL may be disclosed by the receiving party only to the following persons:

    a.    outside counsel representing a named party in the Action, including all paralegal assistants, stenographic and clerical employees working under the supervision of such counsel, as well as court reporters, interpreters, translators, copy services and database/coding services retained by counsel;

    b.    any expert as well as all assistants, stenographic and clerical employees working under the supervision of such expert who (i) is retained by any attorney described in paragraph 5(a) to assist in the Action, and (ii) is not a current employee of a party or a subsidiary or affiliate of a party;

    c.    (i) a person who prepared, received, reviewed, or otherwise had been provided access to the HIGHLY CONFIDENTIAL material prior to its production in the Action; (ii) a current employee of the Producing Party; or (iii) witnesses as to whom the examining counsel has a good faith belief that said witnesses have relevant information regarding the HIGHLY CONFIDENTIAL material that was not obtained in violation of this Protective Order, provided that such witness is not a current employee, consultant, or agent of a party to this Action, or of any other competitor of third party Barr Laboratories, Inc. or its affiliates, and such witness has complied with the procedures specified in paragraph 6; and

    d.    the Court. Submission of CONFIDENTIAL or HIGHLY CONFIDENTIAL information to the Court shall be made under seal if permission to do so is granted by the Court pursuant to paragraph 12 of this Order.

    e.    It is further provided that (a) a prospective class representative's inability to see or know of HIGHLY CONFIDENTIAL information will not be used as the basis for any class certification argument or challenge; (b) the foregoing shall not limit Plaintiffs' Counsel's ability to discuss damages information or calculations with such class representatives so long as Counsel do not reveal or disclose any HIGHLY CONFIDENTIAL information which was a basis or factor underlying such damages information or calculations; and (c) the foregoing does not limit Defendants' Counsel's ability to discuss alleged damages information or calculations with Defendants' General Counsel or any in-house counsel, so long as Defendants' Counsel do not reveal or disclose any HIGHLY CONFIDENTIAL information which was a basis or factor underlying such alleged damages information or calculations.

Karen Walker, Esq.
Julie E. McEvoy, Esq.
January 28, 2008
Page 3

   The undersigned further agree that documents produced by Barr Laboratories will not be disclosed to any other party or third-party in this Action without their express acceptance of the changes to Paragraph 5 listed above.

_____
Julie E. McEvoy
Jones Day
51 Louisiana Ave., N.W.
Washington D.C. 20001-2113

*Counsel for Defendants Sanofi-Aventis, Sanofi-Aventis U.S., LLC and Aventis Pharmaceuticals, Inc.*

_____
Anne Fornecker
Garwin Gerstein & Fisher LLP
1501 Broadway, Suite 1416
New York, New York 10036

*Counsel for Plaintiff Louisiana Wholesale Drug Co., Inc.*

_____
Karen Walker
Eunnice Eun
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005-5793

*Counsel for Barr Laboratories, Inc.*

# FAX TRANSMITTAL SHEET



## ANDREW J. PECK
## UNITED STATES MAGISTRATE JUDGE
## UNITED STATES DISTRICT COURT
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1370
New York, N.Y. 10007-1312

Fax No.:        (212) 805-7933
Telephone No.:  (212) 805-0036

**Dated:** January 31, 2008                    **Total Number of Pages:** 10

| TO | FAX NUMBER |
|---|---|
| Anne K. Fornecker, Esq. | 212-764-6620 |
| Christopher R. Farrell, Esq. | 202-626-1700 |
| Samuel J. Hand, Esq. | 212-755-7306 |

# TRANSCRIPTION:

**MEMO ENDORSED 1/31/08**

Amendments are approved.


Copy to:    Judge Harold Baer, Jr.