IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LOUISIANA WHOLESALE DRUG CO., INC., et al. | Civil Action No. 07 CIV 7343 (HB) |
| | Hon. Harold Baer, U.S.D.J. |
| v. | ECF Case |
| SANOFI-AVENTIS, et al. | |

### ORDER GRANTING CLASS CERTIFICATION

AND NOW, this _____ day of _____, 2008, upon consideration of the motion filed by Louisiana Wholesale Drug Co., Inc. seeking a determination of class maintainability under Fed. R. Civ. P. 23, and the response thereto, and finding that all requirements of Fed. R. Civ. P. 23(a) and (b)(3) have been met, it is hereby ORDERED, DECREED, and ADJUDGED that said motion be, and hereby is, GRANTED.

The Court makes the following further determinations as required by Rule 23:

1. Pursuant to Fed. R. Civ. P. 23(c)(1)(B), the Class, which shall hereinafter be denominated the "Direct Purchaser Class," is defined as follows:

> All persons or entities in the United States who purchased 10 mg or 20 mg Arava tablets directly from Aventis (or any of its predecessors or affiliates) at any time from March 2005 until the present. Excluded from the Class are Defendants, their predecessors, officers, directors, management, employees, subsidiaries, parents or affiliates, and all federal governmental entities.

2. Pursuant to Fed. R. Civ. P. 23(c)(1)(B), the classwide claims and issues are as follows:

   a. whether defendants' alleged conduct violated Section 2 of the Sherman Act (15 U.S.C. § 2);

(i) whether defendants possessed monopoly power with respect to leflunomide products;

(ii) whether defendants wilfully maintained their monopoly power with respect to leflunomide products by filing a "Citizen Petition" with the FDA that was objectively and subjectively baseless under the standards articulated in *Professional Real Estate Inv's Inc. v. Columbia Pictures Indus. Inc.*, 508 U.S. 49 (1993) and its progeny;

b. whether defendants' challenged conduct was a substantial contributing factor bringing about antitrust injury-in-fact (also known as antitrust impact), to the Direct Purchaser Class, in the nature of higher prices paid for leflunomide products, in that, but for that conduct, one or more firms selling generic versions of leflunomide would have earlier entered the market; and

c. the quantum of overcharge damages owed to the Direct Purchaser Class in the aggregate under Section 4 of the Clayton Act (15 U.S.C. § 15), through which violations of Section 2 of the Sherman Act (15 U.S.C. § 2) are made privately actionable.

3. Pursuant to Fed. R. Civ. P. 23(c)(1)(B), the classwide defenses asserted by defendants, according to their Answer and Affirmative Defenses (Doc. #71) are as follows:

a. whether the named plaintiff and the Direct Purchaser Class have failed to state a cause of action;

b. whether the named plaintiff and the Direct Purchaser Class lack standing to assert the antitrust claims alleged in the Complaint;

c. whether the named plaintiff and the Direct Purchaser Class's alleged injuries and damages resulted from an intervening or superseding cause;

   d. whether the Court lacks subject matter jurisdiction over the claims of the named plaintiff and the Direct Purchaser Class because there is no case or controversy within the meaning of Article III of the Constitution of the United States; and

   e. whether the named plaintiff and the Direct Purchaser Class's damages claims are barred because they cannot prove "actual damages" or because of the speculative nature of all or part of the damages allegedly sustained.

  4. Louisiana Wholesale Drug Co., Inc., the named plaintiff herein, is hereby appointed representative of the Direct Purchaser Class.

  5. Pursuant to Fed. R. Civ. P. 23(c)(1)(B) and 23(g), the Court having considered the factors provided in Rule 23(g)(1)(A), the following firms are hereby appointed as lead counsel to the Direct Purchaser Class ("Lead Direct Purchaser Class Counsel"), and are directed to ensure that all work performed by the other counsel listed on the Complaint ("Direct Purchaser Class Counsel") is performed efficiently and without duplication of effort:

Bruce E. Gerstein
Barry S. Taus
Anne K. Fornecker
**GARWIN GERSTEIN & FISHER, LLP**
1501 Broadway, Suite 1416
New York, NY 10036
(212) 398-0055

  6. Within twenty (20) days, Lead Direct Purchaser Class Counsel shall file with the Court a motion seeking approval of a form of individual Notice, for direction to each member of the Direct Purchaser Class by first class United States mail, of the certification of the Direct Purchaser Class. The Court hereby determines that such method is the best practicable under the circumstances. Lead Direct Purchaser Class Counsel's proposed Notice shall comply in all respects with Fed. R. Civ. P. 23(c)(2)(B), and shall be accompanied by a form of order which, if

signed and entered by the Court, would direct completion of the provision of such Notice within sixty (60) days of such entry.

       IT IS SO ORDERED.

                              BY THE COURT:

                              _____
                              HAROLD BAER, U.S.D.J.