UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| LOUISIANA WHOLESALE DRUG CO., INC., | ) ) ) | Civil Action No. 07-cv-7343 (HB) |
| Plaintiff, | ) ) | Hon. Harold Baer, U.S.D.J. ECF CASE |
| v. | ) ) | |
| SANOFI-AVENTIS, SANOFI-AVENTIS U.S., LLC and AVENTIS PHARMACEUTICALS, INC., | ) ) ) ) | |
| Defendants. | ) ) | |

## NOTICE OF DEPOSITION

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendants in the above-captioned action will take the oral deposition of Louisiana Wholesale Drug Co., Inc. ("LWD") beginning at 9:00 a.m. on March 26, 2008, and continuing from day-to-day until complete.  The deposition will take place at Stone Pigman Walther Wittmann L.L.C. located at 546 Carondelet Street New Orleans, LA 70130-3588.  Accordingly, LWD shall designate one or more officers, directors, managing agents or other persons to testify on its behalf regarding the topics set forth in Schedule A, attached hereto.

This deposition will be taken before a court reporter or other person authorized by law to administer oaths, and it will be recorded by stenographic means and videotape.  LiveNote or similar software may be used.  You are invited to attend and cross-examine the witness.

 /s/ Rosanna K. McCalips
Rosanna K. McCalips (admitted *pro hac vice*)
Jones Day
51 Louisiana Ave., N.W.
Washington, D.C. 20001-2113
Tel.:  202-879-3939
Fax:  202-626-1700
rkmccalips@jonesday.com

Dated:  March 11, 2008

## SCHEDULE A

### I. DEFINITIONS

Notwithstanding any definition stated below, each word, term, or phrase used in this Notice of Deposition is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

1. The terms "you" and "your" mean Plaintiff Louisiana Wholesale Drug Co., Inc.

2. The terms "Defendant" and "Defendants" mean sanofi-aventis us llc and/or Aventis Pharmaceuticals, Inc. (collectively "Aventis").

3. The term "Plaintiff" means Louisiana Wholesale Drug Co., Inc., its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.

4. The terms "person," "persons," "individual" or "individuals" mean any natural person or any business, legal or governmental entity or association.

5. The terms "putative class" or "class" mean the named Plaintiff Louisiana Wholesale Drug Co., Inc., and any other individual who is a potential member of the group or class of persons allegedly harmed by any Defendant by the conduct described in the Complaint.

6. The term "Complaint" means Plaintiff Louisiana Wholesale Drug Co., Inc.'s Class Action Complaint filed on August 17, 2007.

7. The term "Leflunomide" includes Arava and any AB-rated generics for Arava as well as any product that contains the chemical or compound leflunomide as an active ingredient.

8. The term "Arava" means any and all drugs at any time marketed, sold or labeled under the trade name Arava in any form, formulation, dosage, strength, dissolution rate or package size.

9. The term "DMARD" includes any and all Disease Modifying Anti-Rheumatic Drugs used to treat active rheumatoid arthritis, including, but not limited to, the following drugs

and any AB-rated generics thereof: adalimumab (Humira); auranofin (Ridaura); aurothiglucose (Solganal); azathioprine (Imuran); cyclophosphamide (Cytoxan); cyclosporine; etanercept (Embril/Enbrel); hydroxychloroquine (Plaquenil); IM gold (Myochrysine); infliximab (Remicade); kineret (Anakinra); leflunomide (Arava); methotrexate (Rheumatrex); minocycline (Minocin); penicillamine (Cuprimine, Depen); and sulfasalazine (Azulfadine).

10.     The term "loading dose" refers to the use of a large initial dose prescribed to facilitate rapid attainment of steady state levels of a drug.  In the case of Leflunomide, the term "loading dose" refers to one 100 mg tablet per day for three days, as reflected in Arava's FDA-approved label.

11.     The term "communication" means the transmittal of information in the form of facts, ideas, inquiries or otherwise, including, but not limited to, oral conversations, telephone calls, written correspondence, memoranda or notes, electronic mail, facsimile transmissions, meetings, video conferences, or document transmittals.

12.     The terms "relate to", "related to" and "relating to" mean analyzing, containing, concerning, dealing with, constituting, defining, describing, discussing, embodying, evidencing, explaining, identifying, mentioning, reflecting, referring to, setting forth, showing, stating, summarizing, supporting, or in any way pertaining to the subject matter of the relevant Deposition Topic.

13.     The singular form of a word shall be interpreted as the plural and the plural form of a word shall be interpreted as the singular whenever appropriate in order to bring within the scope of these Deposition Topics any information that might otherwise be considered to be beyond their scope.

14.     Words used in the masculine gender include the feminine and neuter genders.

15. The present tense shall be construed to include the past tense and the past tense shall be construed to include the present tense as necessary to bring within the scope of these Deposition Topics any information that might otherwise be construed to be outside their scope.

16. The connectives "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Deposition Topics all responses that might otherwise be construed to be outside of their scope.

17. The terms "all" and "each" shall be construed as all and each.

## II. INSTRUCTIONS

1. Each Deposition Topic shall be construed independently, and no Deposition Topic shall be viewed as limiting the scope of any other Deposition Topic.

2. Unless otherwise specifically stated herein, the time period covered by the Deposition Topics shall be September 10, 1998 to the present.

3. The use of the singular form of any word includes the plural and vice versa, as may be necessary for grammatical or other purposes to make the Deposition Topic intelligible.

## III. DEPOSITION TOPICS

1. Your organizational structure, including all divisions, subdivisions, departments, business units, groups, subsidiaries, committees and/or employees with responsibility for your purchase, distribution and sale of DMARDs, including, but not limited to, Arava and Leflunomide.

2. The identity, sources and timing of the DMARDs you have purchases and sold and the terms and conditions, including, but not limited to, pricing terms, shipping terms, discounts or rebates, and payment terms, of your actual or potential purchases and sales of all DMARDs, including, but not limited to, Arava and Leflunomide.

3. The factors you have considered at any time in purchasing and pricing DMARDs generally and in purchasing and pricing Arava and Leflunomide in particular.

4. The factors you have considered at any time in making decisions regarding whether to purchase generic or brand name versions of drugs, including but not limited to decisions regarding whether to purchase generic or brand name versions of Leflunomide.

5. Any analysis, assessment or understanding of (a) the market(s) in which, and (b) the drug(s) with which, Leflunomide and Arava compete, including, but not limited to, the market for DMARDs, including any analysis, assessment, or understanding of demand, competitive conditions, market conditions (including entry and withdrawal), production capacity, and interchangeability of DMARDs.

6. Your financial statements, sales, profits, and profit margins, including, but not limited to, (a) your purchases of, sales of, and profit margins for, Arava, generic Leflunomide, and other DMARDS; and (b) the percentage of your revenues coming from (i) drug wholesaling and (ii) litigation judgments and/or settlements.

7. Any systems or programs (whether manual, electronic, or a combination of the two) that you use to record, store, compute, analyze or retrieve any information relating to the purchase, distribution or sale of DMARDs, including, but not limited to, Arava and Leflunomide, including, specifically, the transactional data you produced on December 5, 2007, and the OptiSource Updates labeled LWD00001 – LWD00065.

8. Any communications you had, whether formal or informal, with other purchasers or sellers of DMARDs relating to the availability, supply, prices or interchangeability of DMARDs, including, but not limited to, those communications occurring in connection with your actual or potential participation in any trade association or other group.

9. Any communications you had with Defendants regarding the availability, supply or price of any DMARD.

10. Physicians' prescribing practices related to DMARDs, including, but not limited to, Arava and Leflunomide, and any studies known to you, possessed by your, or performed by or for you relating to physicians' prescriptions of or prescribing practices relative to DMARDs.

11. The factual basis for all allegations contained in your Complaint.

12. Any damages or losses you contend you suffered as a result of the conduct alleged in the Complaint.

13. Your responses to Defendants' discovery requests and your search for responsive documents.

14. The discovery of and your effort to investigate the allegations contained in the Complaint.

15. All communications between you, or any person acting on your behalf, and any actual or potential member of the Putative Class or any of your actual or potential customers concerning this lawsuit.

16. All civil actions in which you have acted as a plaintiff or purported to sue as a class representative.

17. The experts and law firms you have used or considered using in civil actions in which you have acted as a plaintiff or purported to sue as a class representative.

# **CERTIFICATE OF SERVICE**

      I, Rosanna K. McCalips, certify that the foregoing Notice of Deposition was served on March 11, 2008, on the counsel listed below via electronic mail:

Bruce E. Gerstein
Barry S. Taus
Anne K. Fornecker
GARWIN GERSTEIN & FISHER LLP
1501 Broadway, Suite 1416
New York, NY 10036
Tel.:   212-398-0055
Fax:   212-764-6620
bgerstein@garwingerstein.com
btaus@garwingerstein.com
afornecker@garwingerstein.com

Lead Counsel for Plaintiff
Louisiana Wholesale Drug Co., Inc.

   /s/ Rosanna K. McCalips