# EXHIBIT A

**THIS IS AN IMPORTANT LEGAL NOTICE.  THE MATTERS DISCUSSED HEREIN MAY AFFECT SUBSTANTIAL LEGAL RIGHTS THAT YOU MAY HAVE.**

***READ THIS NOTICE CAREFULLY.***

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| LOUISIANA WHOLESALE DRUG CO., INC., et al., | : | Civil Action No. 07 CIV 7343 (HB) |
| | : | |
| | : | Hon. Harold Baer, U.S.D.J. |
| v. | : | ECF Case |
| | : | |
| SANOFI-AVENTIS US LLC and AVENTIS PHARMACEUTICALS, INC. | : | |
| | : | |

**NOTICE OF PENDENCY OF CLASS ACTION**

**TO:**   All persons or entities in the United States who purchased 10 mg or 20 mg Arava tablets directly from sanofi-aventis us llc and/or Aventis Pharmaceuticals, Inc. (and/or any of their predecessors or affiliates) at any time from March 31, 2005 until August 17, 2007.

Excluded from the Class are Defendants, their predecessors, officers, directors, management, employees, subsidiaries, parents or affiliates, and all federal governmental entities.

**WHY AM I RECEIVING THIS NOTICE?**

YOU ARE RECEIVING THIS NOTICE BECAUSE CERTAIN DATA SUPPLIED BY THE DEFENDANTS IN THIS LAWSUIT SHOW THAT YOU PURCHASED THE BRANDED DRUG "ARAVA" DIRECTLY FROM SANOFI-AVENTIS US LLC AND/OR AVENTIS PHARMACEUTICALS, INC. BETWEEN MARCH 31, 2005 AND AUGUST 17, 2007.

THE COURT RECENTLY DECIDED THIS ACTION SHALL PROCEED AS A CLASS ACTION ON BEHALF OF DIRECT PURCHASERS OF ARAVA.

IF YOU WISH TO EXCLUDE YOURSELF FROM THE CLASS, YOUR CORRESPONDENCE TO THE BELOW-LISTED ADDRESS MUST BE POSTMARKED NO LATER THAN MAY 30, 2008.  IF YOU DO NOT WISH TO EXCLUDE YOURSELF FROM THE CLASS, YOU NEED NOT DO ANYTHING.

## I.    PURPOSE OF THIS NOTICE

### A.    Nature of the Class Action

Your rights may be affected by a lawsuit, *Louisiana Wholesale Drug Company, Inc. v. sanofi-aventis, et al.*, No. 07-CIV-7343 (HB) (the "Class Action"), now pending before the United States District Court for the Southern District of New York  (the "Court"), brought by Louisiana Wholesale Drug Company, Inc.("Louisiana Wholesale") on behalf of itself and other similarly situated direct purchasers of Arava against defendants sanofi-aventis us llc and Aventis Pharmaceuticals, Inc. ("Aventis"), the manufacturers of Arava (generic name "leflunomide").

The Class Action is based on the antitrust laws.  Louisiana Wholesale alleges that Aventis unlawfully delayed competition from makers of generic versions of Arava, in violation of § 2 of the Sherman Act, by filing a baseless "Citizen Petition" with the United States Food and Drug Administration ("FDA").  Louisiana Wholesale alleges that the filing of the Citizen Petition delayed the market entry of less expensive generic versions of Arava (leflunomide), thereby forcing direct purchasers to pay artificially inflated prices for Arava and its AB-rated generic leflunomide.  The Class Action seeks damages under § 4 of the Clayton Act to recover treble the amount of the resulting overcharge, plus reasonable attorneys' fees and costs.  Aventis denies these claims and charges.

### B.    What Has Occurred in the Class Action So Far

On October 15, 2007, Aventis moved to dismiss the Class Action. On January 18, 2008, the Court denied Defendants' motion to dismiss, and ruled that the case was entitled to proceed.

The parties are currently conducting pre-trial discovery on the issues of liability, causation, and damages.  The Court has set a May 23, 2008 deadline for completing all fact

discovery.  The Court has not yet set a specific trial date.

The Court has not ruled on the merits of Louisiana Wholesale's claims or on the denials and other defenses made by Aventis.

One party that Louisiana Wholesale originally named as a defendant in the Class Action was sanofi-aventis, a French company (which is different from sanofi-aventis us llc, a domestic company).  Louisiana Wholesale voluntarily dismissed sanofi-aventis from the Class Action, without prejudice to Louisiana Wholesale's ability to bring sanofi-aventis back into the case, in exchange for an agreement that sanofi-aventis us llc and Aventis Pharmaceuticals, Inc. would not contest certification of a class of direct purchasers, and on the basis of certain enforceable representations and promises made to Louisiana Wholesale by Aventis concerning, among other things, sanofi-aventis' relative lack of involvement in the conduct complained of in the Class Action.  Sanofi-aventis us llc and Aventis Pharmaceuticals, Inc. were not affected by that dismissal.

On April 8, 2008, the Court ruled that this lawsuit may proceed as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.  You may be a member of this Class.  The purpose of this notice is to advise you of your rights as a potential Class member.

## II.    THE CLASS ACTION RULING

### A.    Class Definition

By Order dated April 8, 2008 (the "Class Order"), the Court ruled that this lawsuit may be maintained as a claim for treble damages, attorneys' fees, and costs under the federal antitrust laws not only by Louisiana Wholesale but also on behalf of the class consisting of:

> All persons or entities in the United States who purchased 10 mg or 20 mg Arava tablets directly from sanofi-aventis us llc and/or Aventis Pharmaceuticals, Inc.

(and/or any of their predecessors or affiliates) at any time from March 31, 2005
until August 17, 2007.

Excluded from the Class are Defendants, their predecessors, officers, directors,
management, employees, subsidiaries, parents or affiliates, and all federal governmental
entities.

The Class is limited to those persons and companies that have made at least one purchase
of Arava *directly from Aventis* during the period March 31, 2005 through and including August
17, 2007.  That is, if you bought Arava during this period, but only from a source other than
Aventis (for example, only from a wholesaler or retailer), you are *not* a member of the Class on
whose behalf this suit will be maintained.

**B.    Class Claims, Issues and Defenses**

**1.    Class Claims and Issues**

The Class Order identified the classwide claims and issues as follows:

a.    whether Aventis's alleged conduct violated Section 2 of the Sherman Act (15
U.S.C. § 2);

(i)    whether Aventis possessed monopoly power;

(ii)    whether Aventis wilfully maintained monopoly power by filing a "Citizen
Petition" with the FDA that was objectively and subjectively baseless under the standards
articulated in *Professional Real Estate Inv's Inc. v. Columbia Pictures Indus. Inc.*, 508
U.S. 49 (1993) and its progeny;

b.    whether Aventis's challenged conduct caused antitrust injury-in-fact (also known
as antitrust impact), to the Class, in the nature of higher prices paid for leflunomide products
(defined by Louisiana Wholesale as Arava and AB-rated generic versions of Arava), in that, but
for that conduct, one or more firms would earlier have begun selling generic versions of

4

leflunomide; and

    c.      the quantum of overcharge damages, if any, owed to the Class in the aggregate.

        **2.**      **Defenses Asserted by Aventis Against the Class**

The Class Order identified the classwide defenses as follows:

    a.      whether Louisiana Wholesale and the Class have failed to state a cause of action;

    b.      whether Louisiana Wholesale and the Class have antitrust standing to assert the antitrust claims alleged in the Class Action;

    c.      whether Louisiana Wholesale and the Class's alleged injuries and damages resulted from an intervening or superseding cause;

    d.      whether the Court lacks subject matter jurisdiction over the claims of Louisiana Wholesale and the Class because there is no case or controversy within the meaning of Article III of the Constitution of the United States; and

    e.      whether Louisiana Wholesale and the Class's damages claims are barred because they cannot prove "actual damages" or because of the speculative nature of all or part of the damages allegedly sustained.

**C.**      **Class Counsel**

The Court has named Louisiana Wholesale as class representative and has appointed the law firm of Garwin Gerstein & Fisher LLP as Lead Direct Purchaser Class Counsel ("Lead Class Counsel"). Together with Lead Class Counsel, there are other law firms assisting in the prosecution of the case on behalf of the Class, as well (together, "Class Counsel").

**D.**      **Binding Effect of a Class Judgment If You Do Not Opt Out**

The rulings by the Court to date do not mean that any money will necessarily be obtained

for Class members.  No court has yet ruled on the merits of the claims made in the Class Action.

The class certification ruling simply means that the final outcome of the lawsuit, whether

favorable to the Class or to Aventis, will apply in like manner to every Class member who does

not timely elect to be excluded from the Class as set forth below.

## III.    <u>ELECTION BY CLASS MEMBERS</u>

If you fit the above description of a Class member, you have a choice as to whether or not

to remain a member of the Class on whose behalf this suit is being maintained.  This choice will

have consequences, which you should understand before making your decision.

1.      If you want to *remain* a member of the Class, you are not required to do anything

at this time.  By remaining a Class member, any claims against Aventis for damages under the

federal antitrust laws arising from Aventis's conduct as alleged by the Class representative will

be determined in this case by way of a judgment that is binding on all Class members, and

cannot be presented in any other lawsuit.

2.      If you want to be *excluded* from the Class, you must send a letter setting forth

your name, present address, and your request for exclusion from the Class to *Arava Antitrust*

*Litigation*, P.O. Box 5053, Portland, OR 97208-5053, by first-class mail, postmarked no later

than May 30, 2008.  By electing to opt out of the Class:

(a)      you will not share in any recovery that might be paid to the Class as a result of

trial or settlement of this lawsuit;

(b)      you will not be bound by any decision in this lawsuit favorable to Aventis; and,

(c)      you may present any claim you may have against Aventis by filing your own

lawsuit.

## IV.    <u>RIGHTS AND OBLIGATIONS OF CLASS MEMBERS</u>

If you remain a member of this Class (which requires you to take no action whatsoever at this time):

1.     Louisiana Wholesale and Class Counsel will act as your representatives and counsel in the prosecution of this case against the Defendants.  All fees and expenses of Class Counsel will only be paid out of any recovery by the Class as determined by the Court.  You will not have to pay any judgment, court costs, or attorneys' fees if the Class obtains no recovery. Any Class member who does not request exclusion may, if the Class member desires, also enter an appearance through its own counsel at its own expense.  You may also seek to intervene individually and may advise the Court if at any time you consider that you are not being fairly and adequately represented by the class representative and Class Counsel.

2.     Your participation in any recovery, which may be obtained from Aventis through trial or settlement, will depend on the results of this lawsuit.  If no recovery is obtained for the Class, you will be bound by that result also.

3.     You may be required as a condition to participating in any recovery through settlement or trial to present documentation evidencing your purchases of Arava, your discounts for purchases of Arava (if any), and your purchases of any generic versions of Arava (leflunomide).  You should, therefore, preserve invoices and other records reflecting this information.

4.     You will be entitled to receive notice of any ruling reducing the size of the Class and also notice of, and an opportunity to be heard respecting, any proposed settlement or dismissal of the Class claims.  (For this reason, as well as to participate in any recovery, you are

7

requested to notify *Arava Antitrust Litigation*, P.O. Box 5053, Portland, OR 97208-5053, of any

corrections or changes in your name or address.)

**V.**     **ADDITIONAL INFORMATION**

Any corrections or changes of name or address should not be directed to the Court but

should be directed in writing to:

*Arava Antitrust Litigation*, P.O. Box 5053, Portland, OR 97208-5053

If you decide to remain a member of the Class and wish to communicate with Lead Class

Counsel as your attorneys in this litigation, you may do so by writing to

Bruce E. Gerstein
Barry S. Taus
Anne K. Fornecker
**GARWIN GERSTEIN & FISHER LLP**
1501 Broadway, Suite 1416
New York, NY 10036
(212) 398-0055
afornecker@garwingerstein.com

You may, of course, seek the advice and guidance of your own attorney if you desire and

at your own expense.  The pleadings and other records in this litigation may be examined and

copied at any time during regular office hours at the Clerk of the Court, United States District

Court, Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500

Pearl Street, New York, NY 10007-1312.

**VI.**     **REMINDER AS TO TIME LIMIT**

If you wish to be excluded from the Class you must so indicate in writing by letter sent to

*Arava Antitrust Litigation*, P.O. Box 5053, Portland, OR 97208-5053, by first class mail

postmarked no later than May 30, 2008.


Dated: _____            BY ORDER OF THE COURT


                                  _____
                                  Clerk of the Court
                                  United States District Court
                                  Southern District of New York
                                  Daniel Patrick Moynihan United States Courthouse
                                  500 Pearl Street
                                  New York, NY 10007-1312


**_PLEASE DO NOT SEND ANY COMMUNICATIONS TO THE COURT_**