

**COHEN PONTANI LIEBERMAN & PAVANE LLP**
551 Fifth Avenue, New York, NY 10176 *phone* 212.687.2770 *fax* 212.972.5487 www.cplplaw.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 4/24/08

April 15, 2008

<u>VIA ELECTRONIC MAIL</u>

Edward M. Reisner, Esq.
COHEN PONTANI LIEBERMAN & PAVANE LLP
551 Fifth Avenue, Suite 1210
New York, New York 10176
Ereisner@cplplaw.com

Julie E. McEvoy, Esq.
JONES DAY
51 Louisiana Ave., N.W.
Washington D.C. 20001-2113
jmcevoy@jonesday.com

**MEMO ENDORSED** - p3

Re: *Louisiana Wholesale Drug Co., Inc. v. Sanofi-Aventis, et al.,*
S.D.N.Y., Case No. 07 CV 7343 (HB) - Amendment to Stipulated Protective Order to Govern Documents Produced by Third Party Sandoz Inc.

Dear Counsel:

The undersigned, counsel for Plaintiff Louisiana Wholesale Drug Co., Inc., Defendants sanofi-aventis, sanofi-aventis us llc, and Aventis Pharmaceuticals, Inc., and third party Sandoz Inc., hereby agree that Paragraph 5 of the Stipulated Protective Order entered by Judge Harold Baer, Jr. on November 5, 2007 is amended as follows.

Paragraph 5 of the Stipulated Protective Order is deleted and replaced with the following paragraph:

cplp

Edward M. Reisner, Esq.
Julie E. McEvoy, Esq.
April 15, 2008
Page 2

     5.    Information designated as HIGHLY CONFIDENTIAL may be disclosed by the receiving party only to the following persons:

     a.    outside counsel representing a named party in the Action, including all paralegal assistants, stenographic and clerical employees working under the supervision of such counsel, as well as court reporters, interpreters, translators, copy services and database/coding services retained by counsel;

     b.    any expert as well as all assistants, stenographic and clerical employees working under the supervision of such expert who (i) is retained by any attorney described in paragraph 5(a) to assist in the Action, and (ii) is not a current employee of a party or a subsidiary or affiliate of a party;

     c.    (i) a person who prepared, received, reviewed, or otherwise had been provided access to the HIGHLY CONFIDENTIAL material prior to its production in the Action; (ii) a current employee of the Producing Party; or (iii) witnesses as to whom the examining counsel has a good faith belief that said witnesses have relevant information regarding the HIGHLY CONFIDENTIAL material that was not obtained in violation of this Protective Order, provided that such witness is not a current employee of a party to this Action, or of any other competitor of third party Sandoz Inc., and such witness has complied with the procedures specified in paragraph 6; and

     d.    the Court. Submission of CONFIDENTIAL or HIGHLY CONFIDENTIAL information to the Court shall be made under seal if permission to do so is granted by the Court pursuant to paragraph 12 of this Order.

     e.    It is further provided that (i) a prospective class representative's inability to see or know of HIGHLY CONFIDENTIAL information will not be used as the basis for any class certification argument or challenge; (ii) the foregoing shall not limit Plaintiffs' Counsel's ability to discuss damages information or calculations with such class representatives so long as Counsel do not reveal or disclose any HIGHLY CONFIDENTIAL information which was a basis or factor underlying such damages information or calculations, so long as no non-aggregated information obtained from Sandoz Inc. is disclosed; and (iii) the foregoing does not limit Defendants' Counsel's ability to discuss alleged damages information or calculations with Defendants' General Counsel or any in-house counsel, so long as Defendants' Counsel do not reveal or disclose any HIGHLY CONFIDENTIAL information which was a basis or factor underlying such alleged damages information or calculations, and so long as no non-aggregated information obtained from Sandoz Inc. is disclosed.

cp|p

Edward M. Reisner, Esq.
Julie E. McEvoy, Esq.
April 15, 2008
Page 3

The undersigned further agree that documents produced by Sandoz Inc. will not be disclosed to any other party or third-party in this Action without their express acceptance of the changes to Paragraph 5 listed above.

_/s/ Julie McEvoy / AKM_
Julie E. McEvoy
Jones Day
51 Louisiana Ave., N.W.
Washington D.C. 20001-2113

*Counsel for Defendants*
*Sanofi-Aventis U.S., LLC and Aventis*
*Pharmaceuticals, Inc.*

_/s/ Anne Fornecker_
Anne Fornecker
Garwin Gerstein & Fisher LLP
1501 Broadway, Suite 1416
New York, New York 10036

*Counsel for Plaintiff Louisiana*
*Wholesale Drug Co., Inc.*

_/s/ Edward M. Reisner_
Edward M. Reisner, Esq.
COHEN PONTANI LIEBERMAN & PAVANE LLP
551 Fifth Avenue, Suite 1210
New York, New York 10176

*Counsel for Sandoz Inc.*

**MEMO ENDORSED** 4/23/08
Approved on consent.

SO ORDERED:
Hon. Andrew Jay Peck
United States Magistrate Judge
(for ECF)

BY FAX